UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

FILED

2008 JAN 17 A 10: 46

U.S. DISTRICT COURT
EASTERN DIST. TENN.

BY_____ DEPT. CLERK

**UNDER SEAL**

In re:
HERBERT S. MONCIER
BPR No. 1910

1:08-mc-9

Chief Judge Curtis L. Collier / Lee

## SHOW CAUSE ORDER

Pursuant to Local Rule 83.7(b) of this Court, you are formally notified that the undersigned is initiating formal disciplinary proceedings against you. It has come to the attention of the undersigned that you may have engaged in professional misconduct of a nature that may have violated the Rules of Professional Conduct as adopted by the Supreme Court of Tennessee and you may have engaged in unethical conduct tending to bring the court or the bar into disrepute.

### I. FACTUAL ALLEGATIONS

The facts given rise to this notice are as follows:

As counsel in a proceeding before United States District Judge J. Ronnie Greer, Herbert S. Moncier ("Respondent") conducted himself in a manner constituting a violation of an order of the court, abuse of the court, disrespect for the court, contemptuous behavior directed at the court, interference and needless prolongation of the proceeding before the court, and obstructive behavior. Such conduct by a member of the bar of this court raises questions about Respondent's fitness to

practice before this court and remain a member of the bar of this court. Specifically:

On November 17, 2006, Herbert S. Moncier ("Respondent") represented Michael Vassar at his sentencing hearing before Judge J. Ronnie Greer (Case No. 2:05-CR-75-3, Court File No. 683). Throughout the hearing, Respondent conducted himself in an unprofessional manner. Respondent repeatedly interrupted or spoke over the presiding judge (*see, e.g.*, Case No. 2:05-CR-75-3, Court File No. 683, pp. 9, 29, 46, 53, 65, 70, 71, 95, 98). Respondent also accused the prosecution of engaging in a conspiracy to prevent him from trying cases due to his success in past trials (*see id.*, pp. 39-40, 49-50, 87-88, 91, 96).

At one point during the hearing, Respondent threatened to "sit there and remain moot," i.e. not provide a defense for his client, due to a potential conflict Respondent perceived in his representation of Mr. Vassar (*id.*, pp. 41-42). Respondent represented to the court Mr. Vassar could not speak candidly or fully with him because of his representation of an uncharged co-conspirator (*id.*, p. 43). Despite these representations of a conflict, later in the hearing, Respondent represented to the court he had "absolutely" no reason to believe he had a conflict of interest in representing Mr. Vassar (*id.*, p. 88).

The court, spanning over three pages in the record, explained, admonished, and instructed Respondent as to the appropriateness of his conduct and demeanor (*id.*, pp. 90-93). Respondent responded by contradicting the court's admonishment (*id.*, pp. 94-96).

Ultimately, the court, in exploring the conflict issue, spoke directly to Mr. Vassar, who expressed concern as to a potential conflict (*id.*, pp. 101-102). After Mr. Vassar expressed this concern, Respondent interrupted (*id.*, pp. 103-105). The court listened to Respondent's concern, then proceeded to question Mr. Vassar (*id.*, pp. 106). Respondent again interrupted the court and,

2

despite being told to stop interrupting, continued to do so, as follows:

> THE COURT: OKAY. IT'S A VERY SIMPLE QUESTION THEN, UNDERSTANDING HOW THOSE CONFLICTS CAN ARISE, DO YOU WANT MR. MONCIER TO CONTINUE REPRESENTING YOU IN THIS CASE OR DO YOU WANT ME TO SEE IF I CAN FIND SOMEBODY WHO HAS NO CONNECTION WITH ANY OTHER CODEFENDANT OR POTENTIAL CODEFENDANT IN THIS CASE?
>
> MR. MONCIER: ONCE AGAIN, YOUR HONOR-
>
> THE COURT: MR. MONCIER-
>
> MR. MONCIER: HE MAKES-
>
> THE COURT: MR. MONCIER, YOU BE QUIET.
>
> MR. MONCIER: MAY I APPROACH THE BENCH?
>
> THE COURT: YOU MAY STAND THERE AND DO WHAT I TOLD YOU TO DO UNTIL MR. VASSAR ANSWERS THIS QUESTION.
>
> MR. MONCIER: FOR THE RECORD, YOUR HONOR, I OBJECT WITHOUT HIM HAVING-
>
> THE COURT: MR. MONCIER, ONE MORE WORD AND YOU'RE GOING TO JAIL.
> MR. MONCIER: MAY I SPEAK TO MY-
>
> THE COURT: OFFICERS, TAKE HIM INTO CUSTODY.
>
> WE'LL BE IN RECESS.

*Id.* at pp. 106-107.[1]

---

[1] Based upon his conduct during the hearing, Respondent was charged with and convicted of criminal contempt, both for misbehavior intended to obstruct justice, pursuant to 18 U.S.C. § 401(1), and disobedience to a direct order of the court, pursuant to 18 U.S.C. § 401(3). *United States v. Moncier*, 2007 WL 1577718 (E.D. Tenn. May 30, 2007). This show cause order and its ultimate decision as to the appropriate action(s) to be taken in regards to Respondent are based upon his conduct during the November 17, 2006 hearing, and are in no way predicated on him having been convicted of criminal contempt.

3

## II. UNPROFESSIONAL AND UNETHICAL BEHAVIOR

Local Rule of the United States District Court of the Eastern District of Tennessee ("E.D. TN. LR") 83.7(a) provides: "The court may impose discipline on any member of its bar who violated the Rules of Professional Conduct as adopted by the Supreme Court of Tennessee [and] has engaged in unethical conduct tending to bring the court or the bar into disrepute." It would appear Respondent's actions constitute a violation of an order of the court, abuse of the court, disrespect for the court, contemptuous behavior directed at the court, interference and needless prolongation of the proceeding before the court, and obstructive behavior. On the basis of the preceding facts, Respondent appears to be in violation of E.D.TN. LR 83.7.

## III. SHOW CAUSE

Mr. Moncier is hereby **ORDERED** to **SHOW CAUSE** within twenty (20) days of the entry of this Order why disciplinary action should not be taken against him. Any response by Mr. Moncier shall be filed, under seal, with the clerk of court[2], and shall contain the following, in accordance with E.D.TN. LR 83.7 (d):

(1) The name, address and telephone number of the respondent;

(2) A specific admission or denial of each of the factual allegations contained in the order to show cause and, in addition, a specific statement of any facts on which respondent relies, including all other material dates, places, persons and conduct relevant to the allegations of the order,

---

[2]Any response and/or inquiry should be directed to Geneva Ashby, Division Manager, 309 Joel W. Solomon Federal Building and United States Courthouse, 900 Georgia Avenue, Chattanooga, TN 37402, (423) 752-5285.

specifically:

(a) that Respondent engaged in a pattern of disruptive behavior during the sentencing hearing on November 17, 2006; and

(b) that Respondent disobeyed the direct order of the court during the sentencing hearing on November 17, 2006; and

(c) that Respondent acted in an unprofessional and unethical manner;

(3) All documents or other supporting evidence relevant to the charges of alleged misconduct;

(4) A specific request for a hearing or a statement specifically declining a hearing;

(5) A statement signed by the respondent under the penalty of perjury indicating that the respondent has read the response and that, to the best of respondent's knowledge, the facts alleged therein are correct.

The Clerk is **DIRECTED** to send a copy of this Order by certified mail to the last known address of Mr. Moncier, and to enclose a copy of E.D.TN. LR 83.7.

All records pertaining to this matter shall be confidential and kept **UNDER SEAL** in the Clerk's Office, unless otherwise ordered by the Court.

Further, Respondent is **ORDERED** to inform any and all judicial officers of this district before whom he may have pending cases that formal disciplinary action pursuant to the local rules of the court have been initiated. The reason for such notice is so that the judicial officers may take appropriate action with respect to the schedules or scheduling of their cases involving Respondent. Such notice to the judicial officers shall be in confidence.

**SO ORDERED.**

**ENTER:**

*/s/ Curtis L. Collier*
**CURTIS L. COLLIER
CHIEF UNITED STATES DISTRICT JUDGE**