**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA**

| | | |
|---|---|---|
| In re: | ) | No. 1:08-mc-00009 |
| HERBERT S. MONCIER | ) | Judges Collier/Lee |
| BPR NO. 1910 | ) | |

**RESPONDENT'S RESPONSE TO ORDER OF JULY 11, 2008**

On May 18, 2008, Respondent filed motions pursuant to Rules 52 (b), 59 (e), and 60 of the Federal Rules of Civil Procedure. Rule 4 (a)(4)(A) of the Federal Rules of Appellate Procedure provides that if a party timely files in the district court a motion pursuant to Rules 50 (b), 52 (b), 59, or 60 of the Federal Rules of Civil Procedure, the time to file an appeal runs from the entry of the order disposing of the last such motion.

Likewise, Rule 4 (a)(4)(B)(i) of the Federal Rules of Appellate Procedure provides that if a party files a notice of appeal after the court enters a judgment but before it disposes of any motion listed in Rule 4(a)(4)(A), the notice of appeal becomes effective when the order disposing of the last such motion is entered. In its Order of July 11, 2008, the Court indicated that it has no authority for the district court to retain post-appeal jurisdiction in a disciplinary proceeding, and that as the Sixth Circuit has assumed jurisdiction over the Respondent's case, the district court no longer has jurisdiction to handle motions. The Court ordered the Respondent to provide the Court with any "binding Sixth Circuit case authority holding that, after an appeal of a disciplinary action against an attorney, the district court still retains jurisdiction to handle motions in the case."

Respondent did not find any Sixth Circuit cases directly on point. Unlike the Court, Respondent has always assumed that the Rules of Civil Procedure apply to the

1

"proceedings" in this cause. On February 25, 2008, Respondent filed a motion, pursuant to the practice set out in the Fed. R. Civ. P. 16, and requested a pretrial conference at which it would be determined whether the Rules of Civil Procedure would apply. (Court File No. 15). In that filing, Respondent noted in footnote 1:

"Respondent assumes that the Rules of Civil Procedure apply...."

And specifically moved:

"5. Respondents motion [sic] for the Rules of Civil Procedure [to]apply."

That request for a pretrial conference was summarily denied (Court File No. 23) without addressing the motion for the rules to apply or Respondent's assumption that they did.

Recently revised Rule 1 of the Federal Rules of Civil Procedure provides:

These rules govern the procedure in all civil actions and <u>proceedings</u> in the United States district courts, except as stated in Rule 81. (Emphasis added).[1]

Rule 81 (a) of the Federal Rules of Civil Procedure provides that the rules do not apply to prize proceedings in admiralty. Rule 81 (b) provides that relief previously available through writs of mandamus and scire facias may be obtained by appropriate action or motion under the rules.[2]

---

1     Even if the Court should be correct that the activities in this cause are neither "fish nor foul," i.e., "neither criminal nor civil," at least it may be agreed that they are "proceedings."

2     Before the 2007 amendment (effective December 1, 2007), Rule 1 of the Federal Rules of Civil Procedure read "These rules govern the procedure in the United States district courts <u>in all suits of a civil nature</u> whether cognizable as cases at law or in equity or in admiralty, with the exceptions stated in Rule 81." For discussion applying that language, see Federal Procedure, Lawyers Edition, Section 20:643, "[t]he Federal Rules of Civil Procedure, which govern only <u>suits of a civil nature</u> and contemplate adversary proceedings, do not apply to a disbarment proceeding." See also, Wright and Miller, 4 Federal Practice & Procedure Civil 3d, Section 1019 – Application of Rules – Disbarment Proceedings: "Disbarment proceedings are not governed by the Federal Rules of Civil Procedure because the rules only govern

2

Not unlike a state bar disciplinary proceeding, a federal disciplinary proceeding is a proceeding against an attorney to enforce the court's rules of conduct. The law is relatively well settled that at least for purposes of the Younger abstention doctrine, state bar disciplinary proceedings are judicial (as opposed to administrative) proceedings. See, e.g., Danner v. Board of Professional Responsibility of Tennessee Supreme Court, 2008 WL 1987043 (6th Cir. 2008); Fieger v. Thomas, 74 F.3d 740 (6th Cir. 1996); Berger v. Cuyahoga County Bar Ass'n, 983 F.2d 718 (6th Cir.), cert. denied, 508 U.S. 940, 113 S.Ct. 2416 (1993); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303 (1983); Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 102 S.Ct. 2515 (1982).

In Patmon v. Michigan Supreme Court, 224 F.3d 504, 509 (6th Cir. 2000) the Court held that State disciplinary action against an attorney was a judicial decision. As a matter of logic, federal disciplinary proceedings would also appear to be judicial proceedings. Since the Federal Rules of Civil Procedure govern "... all proceedings in the United States district courts", including writs mandamus and scire facias (which are logical, and it is submitted, legal equivalents to "show cause orders"), the rules would appear to apply to disciplinary proceedings. The Respondent's position finds support in Local Rule 83.7 (a) which provides that the court may impose discipline on any member of its bar who

---

actions of a civil nature and contemplate adversary proceedings; a disbarment proceeding is neither a civil action nor an adversary proceeding. See: Coughlan v. U. S., C.A.9th, 1956, 236 F.2d 927, 16 Alaska 407. (Emphasis added).

3

has violated the Tennessee Rules of Professional Conduct or engaged in unethical conduct tending to bring the court or the bar into disrepute. The Local Rule further provides that:

> Nothing in this rule shall be construed as limiting in any way the exercise by the court of its inherent contempt power or its authority to impose other sanctions <u>provided</u> <u>under</u> federal law and the <u>*Federal*</u> <u>*Rules*</u> <u>*of*</u> <u>*Civil*</u> <u>*Procedure*</u>. (Emphasis added).

Although the Respondent filed a Notice of Appeal to the Sixth Circuit, pursuant to Rule 4(a)(4)(A) of the Federal Rules of Appellate Procedure, the notice will not become effective (and the Sixth Circuit will not fully assume jurisdiction) until this Court enters an order disposing of the Respondent's motions. In its notice of appeal (Court File No. 75), Respondent specifically noted these motions were pending.

Counsel felt compelled to file the notice of appeal on May 28, 2008, for at least two reasons. First, the perceived necessity to deal quickly with the issue of a "stay" which this Court had denied in its May 16, 2008, Memorandum and Order (Court File No. 71) and which became the only issue addressed by the Sixth Circuit in its Order filed on July 3, 2008. Further, Respondent feared there was reason to believe that a notice of appeal could be deemed untimely if not made within the thirty (30) days of the entry of the Court's April 29, 2008, Memorandum and Order (Court File No. 60) in that one or more of the pending motions might not be held to comply with the provisions of the rule. For example, the Motion for Additional Findings (Court File No. 73) filed pursuant to Rule 52(b) of the Federal Rules of Civil Procedure, or in the alternative Rule 60 of the Federal Rules of Civil Procedure, perhaps should have been filed within ten (10) days of the April 29, 2008, Memorandum and Order to have been "timely" under Rule 4(a)(4)(A(vi)) of the Rules

4

of Appellate Procedure which, among other provisions, provides "for relief under Rule 60 if the motion is filed no later than 10 days after the judgment is entered."

Thus, even though Rule 60 relief can (for some purposes) be filed "within a reasonable time" which may be "no more than a year after judgment," it is only those which are filed within the ten (10) days after entry of a judgment which give rise to the provisions of Rule 4(a)(4)(A)(iv) and Rule 4(a)(4)(B)(i)of the Federal Rules of Appellate Procedure staying the effectiveness of the notice of appeal until after the motion is ruled upon.

Beyond all of that, if for any reason the Federal Rules of Civil Procedure are found not to apply, there are then, by definition no motions that comply with Rule 4(a)(4)(A), as each 4(a)(4)(A) motion is a motion pursuant to one or more of the Federal Rules of Civil Procedure. Thus, as Rule 4(a)(1)(A) is the rule applicable to time for filing a notice of appeal, Respondent would have run the risk of his appeal notice being untimely had it not been filed by May 28, 2008.

In that regard, counsel was also attempting to avoid the kind of angst reflected by the court in Wikol v. Birmingham Pub. Schs. Bd. of Educ., 360 F.3d 604; 2004 FED App. 0074P (6th Cir.) wherein the court noted in a somewhat similar circumstance concerning the applicability of Rule 4(a)(4)(A):

> As a final comment on this issue, we cannot help but express dismay over the complexity of the rules regarding the timeliness of an appeal under the present circumstances. There should be no need to have to parse the language of four different rules of procedure in order to find an answer to whether an appeal is timely filed.

Even if the Court is correct that neither Congress nor the U. S. Supreme Court, by enacting and implementing the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure, have provided procedure to be followed in disciplinary

5

proceedings, the failure of the Court to grant a pretrial conference (after it was requested in order to specifically address the issue) and for the Court to then ultimately not apply these rules after the Court was put on notice that the Respondent assumed the rules to apply, would appear to violate constitutional due process as reflected in the rationale of Rule 83(a)(2) and Rule 83(b) of the Federal Rules of Civil Procedure, which provide:

> A local rule imposing a requirement of form must not be enforced in a way that causes a party to lose any right because of a nonwillful failure to comply.
> (FED. R. CIV. P. 83(a)(2)).

And more particularly:

> A judge may regulate practice in any manner consistent with federal law, rules adopted under 28 U.S.C. §§ 2072 and 2075, and the district's local rules. No sanction or other disadvantage may be imposed for noncompliance with any requirement not in federal law, federal rules, or the local rules unless the alleged violator has been furnished in the particular case with actual notice of the requirement.
> (FED. R. CIV. P. 83(b)).

If Rule 4(a)(4)(A) of the Federal Rules of Appellate Procedure is held not to apply, then it would appear to bring into play the exception to the general jurisdiction rules whereby, post-appeal, the district court is said to retain the ability to rule on pending motions "in aid of the appeal." There is a line of cases holding that while the district court would normally lose jurisdiction by the filing of an appeal, the district court nevertheless retains the ability to rule on pending motions "in aid of the appeal." In a case which refers to Keohane v. Swarco, Inc., 320 F.2d 429, 432 (6th Cir. 1963), a case relied on by the Court, our Sixth Circuit has noted that:

> As a general rule the filing of a notice of appeal divests the district court of jurisdiction and transfers jurisdiction to the court of appeals. This, however, is not an inflexible rule. See *Jago v. U. S. District Court, 570 F.2d 618, 619-20 (6th Cir. 1978)*, and cases cited therein. **Thus this court has consistently held that a district court retains jurisdiction to proceed with matters that are in aid of the appeal**. *Hogg v. United States, 411*

6

F.2d 578 (6th Cir. 1969); *United States v. Frank B. Killian Co.,* 269 F.2d 491 (6th Cir. 1959). (Emphasis added).
See: Virgil Cochran v. Francis J. Birkel, et al, 651 F.2d 1219 (6th Cir. 1981).

Similarly, as recently as 2003, the Sixth Circuit has noted that:

> It is established that "the filing of a notice of appeal divests the district court of jurisdiction and transfers jurisdiction to the court of appeals," but that the "district court retains jurisdiction to proceed with matters that are in aid of the appeal."
> See: Island Bulk Transfer Co. V. Cummins Engine Co., et al, 332 F.3d 1007 (6th Cir. 2003).

While not dealing specifically with a disciplinary proceeding, these cases do point out the lack of absoluteness in the jurisdictional question posed.

Respondent's motion for additional findings (Court File No. 73), by its terms, reflects that:

> 5. Mr. Moncier has a right of appeal from this Court's April 29, 2008, Order. *See In re Ruffalo*, 390 U.S. 544, 547 (1968). *See also In re OLeary*, 81 F.3d 161(table) 1996 WL 137799 (C.A.6, Ohio).
>
> . . .
>
> 7. Mr. Moncier needs the pleadings and order referred to by this Court in order to address on appeal the portion of this Court's order relating to this Court's "gauge" for discipline imposed on Mr. Moncier.

The motion filed on May 20, 2008, purports to do two or three things, all of which "aid in the appeal" of this case. As referenced in the motion, a group of materials referring to this matter had been mistakenly deleted from an earlier filed motion. The Court, in its April 29, 2008, opinion, correctly reflected that "Respondent has not placed these in the record." The gist of the motion is, then, to correct that deletion for the benefit of the appellate process. Further, as reflected in that motion (Court File No. 74):

> However, In the recent Sixth Circuit opinion in *United States v. Vonner,* 516 F.3d 382, (C.A.6 2008), in the context of a criminal sentencing hearing, the Court emphasized the requirement that a party bring to the attention of the

7

> trial court matters at a time when the trial court can address those issues. *See also* Fed.R.Civ.P. 4.
>
> Mr. Moncier has a right of appeal from this Court's April 29, 2009 Order. See In re Ruffalo, 390 U.S. 544, 547 (1968). *See also In re OLeary*, 81 F.3d 161 (table) 1996 WL 137799 (C.A.6, Ohio). Prior to that appeal Mr. Moncier wishes to provide this Court the opportunity to make additional findings and alter or amend its April 29, 2008, Memorandum & Order pertaining to the controversy reflected in the news articles referred to in Mr. Moncier's Exceptions.

Likewise the additional portions of that document simply contained Respondent's reply and clarification of the record relating to events in Kentucky for which he had been given no opportunity to answer and which could be of great interest to the Sixth Circuit (perhaps to Respondent's detriment) unless at least his short recitation of the facts are made a part of the record for appeal. It is submitted that the Court can rule on these motions "in aid of the appeal" of the Respondent to the Sixth Circuit.

Respondent appreciates that the Court is intending to answer the questions presented in Respondent's Motion for Additional Findings (Court File No. 72) and give "clarification as to what activities a suspension under the Local Rules of the Eastern District of Tennessee prohibits a suspended attorney from performing." (Court File No. 78). In that regard, Respondent has noted that a question raised and briefed by Respondent at page 6, second full paragraph, page 8-10, pages 13-14, relate to a further specific question to be addressed:

> 4. Whether Mr. Moncier can conduct legal business under his license to practice law by the Supreme Court of Tennessee as defined T.C.A. § 23-3-101 regarding secular federal rights so long as Mr. Moncier does not sign pleadings or appear before a Court in this district.

In submitting this additional query, Respondent has in mind the legal and accepted duties and responsibilities of an unlicensed paralegal, law clerk, or student who might be allowed

to work for a licensed attorney to provide services to that attorney's clients including research, writing, investigation and/or preparation for trial regarding federal law and/or federal cases.

Respectfully submitted this 21st day of July 2008.

*S/Ralph E. Harwell*
Ralph E. Harwell, B.P.R. #001501
RALPH E. HARWELL, P.C.
2131 First Tennessee Plaza
Knoxville, Tennessee 37929
Email: advocate@ralphharwell.com
Telephone: (865) 637-8900

Attorney for Herbert S. Moncier

9

Case 1:08-mc-00009   Document 79   Filed 07/21/08   Page 9 of 9