UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

In re: ) Case No. 1:08-MC-9
HERBERT S. MONCIER, ESQ. )
BPR No. 1910 ) Chief Judge Curtis L. Collier

**MEMORANDUM**

Respondent Herbert S. Moncier ("Respondent") has been suspended as a member of the bar of the Eastern District of Tennessee for a period of three to five years pursuant to E.D.TN. LR 83.7 (Court File No. 69). *In re Moncier*, 550 F. Supp. 2d 768 (E.D. Tenn. 2008). Respondent has appealed the order of suspension to the United States Court of Appeals for the Sixth Circuit. Prior to filing his notice of appeal, Respondent filed a post-suspension motion asking the Court for more specificity as to the limitations imposed on his practice in this district by the suspension order (Court File No. 72).[1] In so far as the Court can determine, this question has never been addressed by either the Sixth Circuit[2] or this district court. The question - what are the ethical and legal constraints on a member of the bar of the Eastern District of Tennessee resulting from being suspended from that

---

[1] This Court normally loses jurisdiction over a case that has been appealed. However, the question raised by Respondent here does not appear to be one of the issues Respondent has raised in his appeal to the Sixth Circuit. Since this issue is not currently before the Sixth Circuit, this Court is permitted to address it, providing a fuller description of a suspension pursuant to E.D.TN. LR 83.7.

[2] The local rules of this court dealing with attorney discipline, E.D.TN. LR 83.7, are patterned on the Sixth Circuit rules dealing with attorney discipline, Federal Rule of Appellate Procedure 46(b, c) and Sixth Circuit Rule 46(b), and in large part duplicate the language from the Sixth Circuit rules. Thus, any definition or explanation by the Sixth Circuit of "suspension" would be informative in interpreting the Local Rules of United States District Court for the Eastern District of Tennessee.

bar - is of significance to both the bench and bar of this district, and the Court will address it here.[3]

I.  NATURE OF SUSPENSION FROM PRACTICE IN FEDERAL COURT

As a general matter, a suspension from practice is an intermediate sanction between disbarment and lesser sanctions such as reprimands and admonitions. Courts have defined suspension in similar language. "Disbarment is the severance of the status and privileges of an attorney, whereas suspension is the temporary forced withdrawal from the exercise of office, powers, prerogatives, and privileges of a member of the bar." *In re Morrissey*, 305 F.3d 211, 216 (4th Cir. 2002) (citing *State ex rel Nebraska State Bar Ass'n v. Butterfield*, 111 N.W.2d 543, 546 (Neb. 1961)). "[A] suspended attorney 'still holds his office as an attorney and is subject to the jurisdiction of the court. His former suspension operates simply to deprive him temporarily of the right to practice his profession' in this court." *In re Mitchell*, 901 F.2d 1179, 1183 n.5 (3d Cir. 1990) (quoting *State v. Schumacher*, 519 P. 2d 1116, 1122 (Kan. 1974)).

A suspension operates to temporarily deprive the suspended attorney from exercising the powers, prerogatives, and privileges of a member of the bar of the Eastern District of Tennessee. "An order of suspension deprives the suspended lawyer from performing any service recognized as the practice of law and which is usually performed by lawyers in the active practice of law." *In re Mitchell*, 901 F.2d at 1185.

It is axiomatic that the suspension is personal and specific to the attorney disciplined. It does not operate to suspend from practice other lawyers in the suspended attorney's law firm or

---

[3]Respondent's motion also addresses other matters not encompassed by this memorandum. The Court will consider those other matters in a subsequent memorandum if the resolution will not infringe upon the Court of Appeal's jurisdiction.

associated with the suspended attorney. However, attorneys admitted to practice before the bar of this court that are in the suspended attorney's law firm or associated with the suspended attorney may have practical and ethical considerations that will constrain their practice in this court.

Other federal courts have had occasion to consider suspension in the context of federal practice. This case law provides instructive guidance as to the meaning of suspension in federal court. The Court will rely principally upon three of these cases, *In re Mitchell*, 901 F.2d 1179 (3d Cir. 1990); *Cooper v. Texaco, Inc.*, 961 F.2d 71 (5th Cir. 1992); and, *In re Perez*, 327 B.R. 94 (Bankr. E.D.N.Y. 2005).

### A.     *In re Mitchell*

The decision of the United States Court of Appeals for the Third Circuit in *In re Mitchell*, 901 F.2d at 1179, is particularly instructive.[4] *In re Mitchell* concerns a suspended attorney, Mitchell. Despite the suspension order from the court of appeals, Mitchell utilized an admitted attorney, Hilaire (with whom Mitchell shared office space), to continue to represent a client before the court. Mitchell testified by way of affidavit that he "was trial counsel and is the only attorney for the Appellant who has first-hand knowledge of the record below and to date." *Id.* at 1182. In a letter written to the court, Mitchell stated "although the appeal in [the case] is being carried under the name of Attorney Hilaire until the Court acts on my reinstatement . . . he has had no involvement with the case at all." *Id.* (emphasis removed). The court was critical of Hilaire's facilitation of Mitchell's practicing law using Hilaire's name; "Hilaire was acting simply as a 'front' for Mitchell

---

[4]*In re Mitchell* has been followed by the Fifth Circuit, *Cooper*, 961 F.2d at 71; the Tenth Circuit, *In re Martin*, 400 F.3d 867 (10th Cir. 2005); and by a number of federal district and state courts.

. . . ."[5] *Id.* at 1188.

The panel canvassed the state authority concerning the limitations imposed upon suspended attorneys. It thoroughly explored the applicable authority on attorney suspensions and the rationale for suspension. It then distilled the principles from those authorities and applied them to federal practice. It concluded by stating: "an attorney suspended from the bar of this court can have no contact with this court, its staff, or a client in any proceeding before this court, except if the attorney is representing only himself or herself as a party, but may act as a law clerk or legal assistant under the close supervision of a member in good standing of the bar of this court." *Id.* at 1181.

**B.**     ***Cooper v. Texaco, Inc.***

In this case the suspended attorney, Strauss, was the sole shareholder of his law firm. After his suspension, he hired two associates who became counsel of record for all of Strauss's cases pending in federal court in the Eastern District of Louisiana. 961 F.2d at 72. Notwithstanding the order of suspension, "Strauss solicited new clients, and contingency fee contracts were entered into between Strauss & Associates and new clients in Eastern District cases. Strauss supervised and controlled his associates, participated in depositions, negotiated and approved settlements, advised clients, and wrote letters on his professional stationery relating to cases filed in the Eastern District. He did not submit any papers to the court under his own name or appear in court in the Eastern District (except to the extent that appearance at a deposition can be deemed to be participation in

---

[5]Disciplinary proceedings were also initiated against Hilaire for aiding and abetting Mitchell in violating the suspension order and assisting Mitchell in the unauthorized practice of law while under suspension. *See In re Mitchell*, 901 F.2d at 1182.

4

a court proceeding)." *Id.* (footnote omitted).[6]

Strauss was prosecuted criminally for violating the suspension order. The Fifth Circuit upheld his conviction for criminal contempt. The court agreed with the suspension limitations expressed in *In re Mitchell*, and concluded that a suspended attorney could act only as a law clerk. *Id.* The court also decided that Strauss, as a suspended attorney, could not retain legal fees for work performed while he was under suspension. *Id.* at 73-74.

**C.**     *In re Perez*

The last case, *In re Perez*, is a bankruptcy case involving suspended attorney Hussain-El. Hussain-El had been suspended by the New York state courts. 327 B.R. at 94. Nonetheless, Hussain-El continued to render legal services to a bankruptcy client who had retained him before his suspension. He continued to have discussions with the client, provide legal advice and assistance to the client, accept fees from the client, prepare legal papers for the client, and file certain legal documents with the court in such a manner so as to appear the client had prepared and filed the documents. *Id.* at 98-99. Hussain-El argued he did not violate the suspension order because "he was only acting as a bankruptcy preparer service, and not as a lawyer." *Id.* at 98. The bankruptcy court rejected this claim, finding that "[t]he demand for payment and the acceptance of a fee for legal services described as 'motion and consultation' months after Hussain-El was suspended is clear and convincing evidence that he intentionally engaged in the practice of law." *Id.* at 99.

---

[6]The case does not say what if any action was taken against the associates. However, it is clear, if they knew that Strauss was suspended from federal practice, they aided and abetted Strauss in violating the suspension order and assisted him in the unauthorized practice of law in federal court while under suspension. Therefore, they would have been subject to both criminal and disciplinary sanctions.

5

## D. Definition of Suspension

In defining the nature of suspension, the Court agrees with and adopts the standard announced in *In re Mitchell* - a suspended attorney cannot exercise any of the powers, prerogatives, or privileges of an attorney who is a member in good standing of the bar of this court. 901 F.2d at 1181; *accord In re Martin*, 400 F.3d at 867; *Cooper*, 961 F.2d at 71. A suspension entails both legal and ethical constraints. A suspended attorney is under legal constraints in that the suspended attorney is under a court order and faces a contempt of court charge for violation of that order. The suspended attorney is under ethical constraints in that there are ethical implications to the attorney's actions while under suspension that caution the suspended attorney to steer clear of certain behavior even though it may not be clear that such behavior would constitute a contempt of court.

Moreover, the exercise of the powers, prerogatives, and privileges of a member of the bar of this court carries both a substantive and symbolic aspect. Substantive aspects of membership in the bar would include the privilege of appearing in court and signing pleadings and other court filings. Symbolic aspects of membership in the bar would include such actions as permission to be in the well of the courtroom, conversing with admitted attorneys in court, and holding out to the public that the attorney is a member in good standing of the bar of this court. Suspension deprives the attorney of the privilege of exercising both the substantive and symbolic aspects of membership. Suspension, at a minimum, deprives the suspended attorney from rendering legal services to clients as to any matter or potential matter, or case or potential case, before federal court in the Eastern District of Tennessee.

The three federal cases detailed above provide clear delineations of the limitations placed upon suspended attorneys, and also exhibit consistent parallels. In all three cases, the suspended

attorneys accepted or retained clients in violation of the suspension orders; established or maintained direct relationships with the clients that had cases before the federal courts; accepted fees from the clients; provided legal advice to the clients; engaged in conversations with the clients; prepared legal documents for the clients; and, held themselves out as authorized to perform the legal services. In sum, in all three cases, the suspended attorneys acted in a professional capacity in contravention of the suspension orders.

### E. Tennessee Supreme Court Rule 9

Although this court is not bound by Tennessee authority and practice, the Court has adopted the Tennessee Rules of Professional Conduct in E.D.TN. L.R. 83.6 as one of the standards to which attorneys admitted to the bar of this Court must meet. Because the federal court of the Eastern District of Tennessee has adopted those rules, the Court will also consider Tennessee law and practice here.

Attorneys practicing before the state courts of Tennessee have a duty "to act at all times, both professionally and personally, in conformity with the standards imposed upon members of the bar as conditions for the privilege to practice law." Tenn. Sup. Ct. R. 9, § 3.1. The Disciplinary Enforcement provisions of the Tennessee Supreme Court envision discipline for (a) "[a]cts or omissions by an attorney, individually or in concert with any other person or persons, which violate the Attorney's Oath of Office or the Rules of Professional Conduct of the State of Tennessee;" (b) an attorney's "[c]onviction of a serious crime;" or (c) willful refusal to comply with a court order. Tenn. Sup. Ct. R. 9, §§ 3.2, 3.3, 3.4.

Attorneys suspended from practice before the state courts of Tennessee are prohibited from serving in any legal capacity, as follows: "[u]pon the effective date of the [disciplinary] order, the

7

respondent shall not maintain a presence or occupy an office where the practice of law is conducted. The respondent shall take such action as is necessary to cause the removal of any indicia of lawyer, counselor at law, legal assistant, law clerk, or similar title." Tenn. Sup. Ct. R. 9, § 18.7. This prohibition is in conformity with numerous other jurisdictions.[7]

### F. Scope of Suspension

In determining the scope of suspension, the Court will following the precedent of *In re Mitchell* with one exception. The court in *In re Mitchell* granted permission for a suspended attorney to function as a law clerk or paralegal. The judges of this court have decided to part company with *In re Mitchell* in this one respect. In considering "the procedures and determinations for those attorneys who fail to adhere to the standards of [the] district court" (Court File No. 69, p. 1), this district court has decided to follow those jurisdictions, including Tennessee, that strictly prohibit a suspended attorney from functioning as a law clerk, paralegal, legal assistant, or similar

---

[7]*See, e.g.*, Rules Governing the Courts of the State of New Jersey, 1:20-20(a) (2008) ("[n]o attorney or other entity authorized to practice law in the State of New Jersey shall, in connection with the practice of law, employ, permit or authorize to perform services for the attorney or other entity, or share or use office space with, another who has been disbarred, resigned with prejudice, transferred to disability-inactive status, or is under suspension from the practice of law in this or any other jurisdiction."); *In re Kuta*, 427 N.E.2d 136, 140 (Ill. 1981) ("[w]ithout a doubt, a disbarred or suspended attorney should not serve as a law clerk or a paralegal during his disbarment or suspension. The line of demarcation between the work that a paralegal or a law clerk may do and those functions that can only be performed by an attorney is not always clear and distinct. The opportunity for a disbarred or suspended attorney who is serving as a paralegal or a law clerk to violate that line of demarcation is too great and too inviting. Also, the public is not aware of the differences between the work of a paralegal and that of an attorney. For a disbarred attorney to be seen performing what the public may perceive as legal functions can only lessen the public's regard for the effectiveness of our attempt to discipline errant attorneys, and would foment the belief that the public was not being protected from unethical attorneys.")

position.[8]

Permitting a suspended attorney to act as a law clerk or paralegal raises very serious concerns. *In re Mitchell* and *Cooper* involved post hoc review of very clear transgressions of the limitations imposed by suspension. However, the distinction between practicing law and serving as a law clerk or paralegal is not always so clearly delineated. The Court cannot be confident the public will appreciate the distinction when the public observes a suspended attorney still functioning in some legal capacity, nor can the Court entrust maintaining this distinction to a suspended attorney, who has already demonstrated an inability to adhere to appropriate ethical and professional standards.

Regarding the first concern, in suspending an attorney, a court must avoid a situation where the public would be unclear whether the suspended attorney was permitted to practice law. As is clear in *In re Mitchell*, *Cooper*, and *In re Perez*, a layperson is likely to take the word of or infer from the actions of a suspended attorney that he or she is licensed to practice law. The court has a duty to protect the public from the unethical and unprofessional conduct of a suspended attorney. This duty prevents the court from permitting a suspended attorney to serve in a legal capacity - for instance, that of a law clerk or paralegal - which would, at least, passively mislead the public, who would still see the suspended attorney functioning in a legal capacity. *See In re Kuta*, 427 N.E.2d at 140 ("[T]he public is not aware of the differences between the work of a paralegal and that of an

---

[8] As a practical matter, instances in which a suspended attorney would serve as a law clerk or paralegal would be rare. If the suspended attorney is permitted to practice law by his or her licensing state, then the attorney can maintain a full practice in his or her licensing state's courts. Rarely would an attorney with a full and active state practice desire to serve as a law clerk or paralegal in a case in federal court. If the suspended attorney is not permitted to practice law by the licensing state, then this court would not allow the attorney to function in this court in contravention of the restrictions of the licensing state.

9

attorney. For a disbarred attorney to be seen performing what the public may perceive as legal functions can only lessen the public's regard for the effectiveness of our attempt to discipline errant attorneys, and would foment the belief that the public was not being protected from unethical attorneys.").

If the public is unable to determine whether an attorney is suspended, a suspended attorney could easily further mislead the public, whether through word or deed, and continue to practice law. Such misconduct may or may not come to the attention of the suspending court; if it does, a client may have already been irreparably harmed by the suspended attorney's conduct. This damages not only the interests of the client involved, but tarnishes the public's faith in the proper functioning of the bar and the judiciary.

Suspension protects the public, the judiciary, other lawyers, and any parties before the court from the further unethical and unprofessional conduct of a suspended attorney. Suspension is not a permanent deprivation of the right to practice law before the suspending court, but a suspended attorney cannot be permitted to immediately return to the practice of law, even in a limited manner through service as a law clerk or paralegal. A suspended attorney must be given time to raise his or her ethical and professional standards to those of the Eastern District of Tennessee, and any involvement in the practice of law prior to that undermines the purpose and protection afforded by suspension.

Regarding the second concern, a suspended attorney, either through his ignorance of the appropriate ethical and professional standards, or by the temptation to ignore them, presents a substantial risk of overstepping the often fine line between serving as a law clerk or paralegal and engaging in the practice of law. *See In re Kuta*, 427 N.E.2d at 140 ("[w]ithout a doubt, a disbarred

10

or suspended attorney should not serve as a law clerk or a paralegal during his disbarment or suspension. The line of demarcation between the work that a paralegal or a law clerk may do and those functions that can only be performed by an attorney is not always clear and distinct. The opportunity for a disbarred or suspended attorney who is serving as a paralegal or a law clerk to violate that line of demarcation is too great and too inviting.")

It is the ubiquitous practice of the courts of this country to put great faith in attorneys, as officers of the court (Court File No. 69, p. 2 n.1), to conform to the ethical and professional standards inherent in the practice of law. However, when an attorney has demonstrated that this faith is misplaced in him, the court can no longer safely rely upon that attorney to follow those standards in the future. A suspended attorney has demonstrated that he or she is unwilling or unable to conform to the ethical and professional standards required; as such, the court cannot place that attorney in any position - including that of a law clerk, paralegal, or legal assistant - which would permit that attorney to further expose the public, the judiciary, other lawyers, and any parties to the dangers created by his or her unethical and unprofessional conduct.[9]

This Court's decision here - preventing suspended attorneys from acting as lawyers, counselors of law, legal assistants, law clerks, paralegals, or any similar positions, regarding any matter or potential matter, or case or potential case in federal court in the Eastern District of Tennessee, either directly or indirectly, either individually or in concert with one or more admitted

---

[9]It would be a disservice to the suspended attorney to place him in a position where the line between permissible and impermissible behavior, i.e. the line between the practice of law and service as a law clerk or paralegal, is not always clear. Having already demonstrated he she did not understand his ethical and professional obligations, or was unwilling or unable to satisfy them, a suspended attorney would then be placed in a situation where the line of appropriate conduct would be murky at best. Such a situation would be little more than an invitation for further misconduct, exposing the suspended attorney to further discipline and possible criminal charges.

attorneys - conforms to the standard elicited in the Tennessee Supreme Court Rules. *See* Tenn. Sup. Ct. R. 9, § 18.7. While not required to follow Tennessee law, the Court sees much appeal in conforming this Court's regulation of suspended attorneys with Tennessee's regulation.

## II.    APPLICATION

### A.    Definition

Having generally defined the nature and scope of suspension, the Court will now apply that definition to provide more specific limitations imposed on a suspended attorney. By providing this specificity, the Court is not attempting to be comprehensive or exhaustive. The listed limitations are more illustrative than definitive because the full scope of human behavior cannot be predicted with any degree of precision. There will be other behavior not foreseen in this memorandum that will clearly be in violation of the suspension order.[10]

### B.    Limitations on the practice of law in the Eastern District of Tennessee

The suspended attorney may not exercise any of the powers, prerogatives, or privileges of a member of the bar of the Eastern District of Tennessee. Among those powers, prerogatives, and privileges that may not be exercised, the suspended attorney:

1. May not appear in federal court in the Eastern District of Tennessee in connection with any matter or case (unless he or she is a party in the case), either directly or indirectly, either individually or in concert with one or more admitted attorneys.

---

[10]Furthermore, the Court is not addressing in any comprehensive way the ethical constraints placed upon admitted attorneys associated with or employed by a suspended attorney, although such attorneys should be fully aware that they are prohibited from assisting or otherwise facilitating a suspended attorney from violating his or her suspension.

12

Case 1:08-mc-00009   Document 80   Filed 07/30/08   Page 12 of 18

2. May not have any contact with federal court in this district, its staff, or any litigant, witness, or potential witness involved in any proceeding before a court in this district (unless that suspended attorney - acting as a *pro se* litigant - is representing him or herself as a party), regarding any matter or potential matter, or case or potential case[11] in federal court in the Eastern District of Tennessee, either directly or indirectly, either individually or in concert with one or more admitted attorneys. *See In re Mitchell*, 901 F.2d at 1181.

3. May not solicit clients regarding a matter or potential matter, or case or potential case in federal court in the Eastern District of Tennessee, either directly or indirectly, either individually or in concert with one or more admitted attorneys. *In re Martin*, 400 F.3d at 842.

4. May not accept clients regarding a matter or potential matter, or case or potential case in federal court in the Eastern District of Tennessee, either directly or indirectly, either individually or in concert with one or more admitted attorneys. *In re Martin*, 400 F.3d at 842.

5. May not accept fees from clients or on behalf of clients regarding a matter or potential matter, or case or potential case in federal court in the Eastern District of Tennessee, either directly or indirectly, either individually or in concert with one or more admitted attorneys. *In re Martin*, 400 F.3d at 843; *Cooper*, 961 F.2d at 73-74.

---

[11] A potential matter or case described in these paragraphs refers to matters that might come to an attorney's attention prior to the formal filing of a case but which an attorney can reasonably predict would culminate in the matter being in federal court. Examples of such matters encompassed by these paragraphs would include bankruptcies, federal search warrants, federal grand jury subpoenas, interviews by federal investigative agents, and other inquiries from a federal agency.

13

6. May not share fees with another attorney for a client with a matter or potential matter, or case or potential case in federal court in the Eastern District of Tennessee, either directly or indirectly, either individually or in concert with one or more admitted attorneys. *In re Martin*, 400 F.3d at 843; *In re Mitchell*, 901 F.2d at 1185-86.

7. May not retain fees for any legal services performed since the time of the suspension for any matter or potential matter, or case or potential case in federal court in the Eastern District of Tennessee, either directly or indirectly, either individually or in concert with one or more admitted attorneys. *See Cooper*, 961 F.2d at 73-74.

8. May not retain any fees, expenses, or costs paid in advance that were not earned or expended prior to the suspension order from any client regarding a matter or potential matter, or case or potential case in federal court in the Eastern District of Tennessee, either directly or indirectly, either individually or in concert with one or more admitted attorneys. *See* Tenn. Sup. Ct. R. 9, § 18.5.

9. May not have any contact with any client regarding a matter or potential matter, or case or potential case in federal court in the Eastern District of Tennessee, either directly or indirectly, either individually or in concert with one or more admitted attorneys.

10. May not provide legal services, advice, counseling, or the like to any client regarding a matter or potential matter, or case or potential case in federal court in the Eastern District of Tennessee, either directly or indirectly, either individually or in concert with one or more admitted attorneys.

11. May not hold him or herself out as an attorney capable of rendering legal advice regarding a matter or potential matter, or case or potential case in federal court in the Eastern District of Tennessee, either directly or indirectly, either individually or in concert with one or more admitted attorneys. An attorney suspended from the bar of the Eastern District of Tennessee cannot represent to the public, in any way, that he or she can practice law before federal court in this district. *See In re Mitchell,* 901 F.2d at 1184-85.[12] This includes denotation by sign, stationary, letterhead, business card, telephone and internet listing, advertisement, and any other public or private pronouncement that he or she is permitted to practice law in federal court in this district, either directly or indirectly, either individually or in concert with one or more admitted attorneys. *See id.* at 1185. Furthermore, a suspended attorney is prohibited from any representations, in word or deed which, although do not directly state he or she can practice law in federal court in this district, might reasonably lead a member of the public to infer it. This includes, but is not limited to, presence in the courtroom during proceedings for former clients, accompanying admitted attorneys to federal court, appearing with admitted attorneys in federal court, sitting with admitted attorneys in federal court, and conversing with admitted attorneys in federal court in connection with any matter or potential matter, or case or potential case in federal court in the Eastern District of Tennessee, either directly or indirectly, either

---

[12]This Court does not regulate the general practice of law, but only an attorney's practice in federal court in the Eastern District of Tennessee. This Memorandum addresses only a suspended attorney's ability to practice before the federal courts in this district, and to conduct him or herself in a way which would mislead the public into believing he or she is permitted to practice law in federal court in this district.

individually or in concert with one or more admitted attorneys.[13]

12. May not write letters to clients, attorneys, or others regarding any matter or potential matter, or case or potential case in federal court in the Eastern District of Tennessee, either directly or indirectly, either individually or in concert with one or more admitted attorneys.

13. May not supervise, direct, control, or exercise any direction or supervision over any admitted attorneys regarding any matter or potential matter, or case or potential case in federal court in the Eastern District of Tennessee, either directly or indirectly, either individually or in concert with one or more admitted attorneys.

14. May not solicit clients regarding any matter or potential matter, or case or potential case in federal court in the Eastern District of Tennessee, either directly or indirectly, either individually or in concert with one or more admitted attorneys, then refer those clients to other attorneys. *See id.* at 1185 n.8 (citing *Schumacher*, 519 P.2d at 1118). To the extent a suspended attorney already had clients with matters before a federal court in this district, the suspended attorney is not precluded from suggesting to his or her former client the services of a specific attorney, but cannot collect any referral fee in doing so and must disgorge any fees the client has already paid for the

---

[13]Although a layperson may engage in some of the conduct listed, as recognized in *In re Mitchell* in a similar context, "[a] suspended lawyer is not the same as a layman. The public knows that he has a legal education, that he has engaged in the practice of law, and that his work and his opinions are presumably more valuable on that account." 901 F.2d at 1185. Whereas a layperson can engage in a variety of conduct which would not lead the public to believe he or she was permitted to practice law in federal court in this district, a suspended attorney engaging in the same conduct would certainly create that belief. As a result of his or her suspension, a suspended attorney must affirmatively avoid fostering that public misrepresentation, and thus is privy to additional restrictions.

16

suspended attorney's continued representation.

15. May not sign any pleading or filing in any matter or potential matter, or case or potential case in federal court in the Eastern District of Tennessee, either directly or indirectly, either individually or in concert with one or more admitted attorneys.

16. May not participate in any depositions, conferences, settlement discussions, and the like regarding any matter or potential matter, or case or potential case in federal court in the Eastern District of Tennessee, either directly or indirectly, either individually or in concert with one or more admitted attorneys.

17. May not have any direct contact with witnesses or potential witnesses regarding any matter or potential matter, or case or potential case in federal court in the Eastern District of Tennessee, either directly or indirectly, either individually or in concert with one or more admitted attorneys.

18. May not negotiate or approve the settlement of any matter or potential matter, or case or potential case in federal court in the Eastern District of Tennessee, either directly or indirectly, either individually or in concert with one or more admitted attorneys.

19. May not counsel the acceptance or denial of any settlement of any matter or potential matter, or case or potential case in federal court in the Eastern District of Tennessee, either directly or indirectly, either individually or in concert with one or more admitted attorneys.

**III. CONCLUSION**

This memorandum provides a description of the general limitations on the activities of an

attorney suspended from the practice of law before the federal court of the Eastern District of Tennessee. However, it is not intended to be, nor could any such description ever be, comprehensive of the entire scope of activity in which a suspended attorney is prohibited from engaging. In evaluating whether a specific action is permissible, the core restriction is that a suspended attorney must refrain from exercising any of the powers, prerogatives, or privileges of a member of the bar of the Eastern District of Tennessee. This core restriction includes both a prohibition on practice before, or contact with, all federal courts in this district, and also a prohibition on any activities regarding any matter or potential matter, or case or potential case in federal court in the Eastern District of Tennessee. A suspended attorney is therefore prohibited from contact with counsel, parties, witnesses, potential witnesses, or other individuals regarding any matter or potential matter, or case or potential case in federal court in the Eastern District of Tennessee.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**