UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| In re:<br>HERBERT S. MONCIER, ESQ.<br>BPR No. 1910 | ) ) ) ) ) ) ) ) | Case No. 1:08-MC-9<br><br>Chief Judge Curtis L. Collier |

**MEMORANDUM & ORDER**

Following his suspension from the bar of this court Respondent Herbert Moncier ("Respondent"), through his counsel Mr. Ralph Harwell, filed three motions (Court File Nos. 72, 73, and 74). Before the Court was able to address these three motions, Respondent filed his notice of appeal as to the suspension (Court File No.75).

Because the filing of a notice of appeal generally divests the district court of jurisdiction in the case, the Court ordered Respondent to provide the Court with binding Sixth Circuit authority that this Court retained jurisdiction in this disciplinary action following the appeal (Court File No. 78).

Respondent filed a response to the Court's order on July 21, 2008 (Court File No.79). In his response Respondent stated he was unable to find any authority that the Court retains jurisdiction. "Respondent did not find any Sixth Circuit cases directly on point." (Court File No. 79, p. 1). Even though he did not locate authority demonstrating the Court has jurisdiction to address his motions, he did locate additional authority that supported the Court's position that a disciplinary action is neither a civil nor a criminal case and thus is not governed by the Federal Rules of Civil Procedure.

1

"Disciplinary proceedings are not governed by the Federal Rules of Civil Procedure because the rules only govern actions of a civil nature and contemplate adversary proceedings: a disbarment proceeding is neither a civil action nor an adversary proceeding." (quoting Wright and Miller, 4 Federal Practice and Procedure Civil 3d, Section 1019). (Court File No. 79, p. 2, n. 2).

Respondent argues he always assumed this disciplinary action was a civil action and the Federal Rules of Civil Procedure applied. He points to a filing he made early in this case (Court File No. 15). However, the Court was very clear in the order of suspension that this was neither a civil nor a criminal case. "Attorney disciplinary proceedings are not civil actions and not criminal prosecutions." (citing *Cunningham v. Ayers*, 921 F.2d 585, 586 (5th Cir. 1991))(Court File No. 69, p. 8). "Although this is not a civil case . . . ." (*id*. p. 37, n. 28). To the extent Respondent was laboring under an erroneous impression that a disciplinary action against an attorney is a civil case, the Court's order clearly should have disabused him of that error.

In federal court, jurisdiction must always be proved. It may not be assumed. As Respondent has failed to present the Court with any authority indicating the Court retains jurisdiction to act on his post-suspension motions, the Court will not address them.

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

2