UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| In re:<br>HERBERT S. MONCIER, ESQ.<br>BPR No. 1910 | ) ) ) ) ) ) ) ) | Case No. 1:08-MC-9<br><br>Chief Judge Curtis L. Collier |

## **MEMORANDUM & ORDER**

On September 2, 2008, Respondent Herbert S. Moncier requested permission to file a motion to alter or amend an order of dismissal in *Doe v. Johnston*, a case that was filed in the Knoxville Division of this district and assigned to the Honorable Thomas W. Phillips (Court File No. 84). In the alternative, Respondent asked the Court to allow his attorney, Ralph E. Harwell, to file motions on behalf of Respondent's former clients in this case. In substance, this motion is almost indistinguishable from Respondent's previous motion for stay (Court File No. 70), which the Court summarily denied (Court File No. 71). For the following reasons, the Court also **DENIES** this motion (Court File No. 84).

First, to allow Respondent to file the motion would violate the order of suspension. The Court sees no reason to authorize such a violation.

Second, for the Court to authorize Mr. Harwell to file the motion would have the Court approving unethical conduct. Mr. Harwell represents Respondent. He does not represent the former clients. Mr. Harwell owes a duty of undivided loyalty to Respondent and must act in Respondent's best interest. The interest of the former clients are not parallel to those of Respondent

1

and may even be in conflict with Respondent's interest in being reinstated to practice law in this district and in rehabilitating his reputation. Thus, the filing of any pleading by Mr. Harwell in a case of former clients of Respondent might have him engaging in unethical conduct which the Court is unable to authorize. Moreover, permitting Mr. Harwell to act on Mr. Moncier's behalf for the benefit of Respondent's former clients would also violate the Suspension Order. As the Court previously stated, "Assisting a suspended attorney in [representing clients] would at the very least have the member of the bar committing a serious ethical violation and perhaps would even be aiding and abetting the suspended attorney in disobeying the orders of this court, which could constitute criminal contempt of court" (Court File No. 71, p. 7). For Mr. Harwell to file a motion on behalf of former clients of Respondent where obviously he is acting on behalf of Respondent is a contempt of court and is unethical. Therefore, neither Respondent nor Mr. Harwell has any authority to act on behalf of Respondent's former clients in an Eastern District of Tennessee case (Court File No. 71) and this Court has no authority to authorize unethical conduct. Any other result contradicts the basic tenets of the attorney-client relationship. Only licensed practitioners who are chosen by clients to represent them can intervene and assert the rights of their clients in court. All other third parties must have standing in their own right and cannot act on behalf of others.

Third, it would be improper for the Court to step into the role of advocate and file the motion itself or direct the Clerk to file the motion. The Court is unaware of any authority for this request and it strikes the Court as asking it to do something improper.

Last, considering the length of time that has transpired since Respondent's suspension, the former clients have had more than ample time to comply with Judge Phillips' order. The Court suspended Respondent from the bar of the Eastern District of Tennessee for a period of three to five

2

years on April 29, 2008. (Court File No. 69, "Suspension Order," *In re Moncier*, 550 F. Supp. 2d. 768 (E.D. Tenn. 2008)). Upon the entry of that order, Respondent, as he was ethically obligated to do, would have immediately notified the former clients that he was no longer permitted to practice law in the Eastern District of Tennessee and could no longer represent them. Such communication surely would have taken place within the few days immediately following the Suspension Order, and no latter than the first few days of May. Respondent would also have informed the former clients they should retain other counsel as soon as possible. By the time of Judge Phillips' order on May 21, 2008, the former clients should have already obtained replacement counsel if they desired or were able to do so. Almost four months after the Suspension Order the former clients still had not obtained counsel so Judge Phillips issued the order that is the subject of this motion. Four months is a very long time to allow a case to sit idle and is an extraordinarily generous amount of time to allow someone to obtain counsel.

Nothing that transpired in Respondent's case since the entry of the Suspension Order would have led to a belief that Respondent could practice in this district in view of the Suspension Order. Therefore, obtaining replacement counsel for all of Respondent's former clients should have been a priority.

Finally, the Court is confused by Respondent's assertion that this Court prohibited Mr. David Wigler from proceeding in cases pending in the Eastern District of Tennessee. The Court is not aware of any such prohibition and is under the impression Mr. Wigler is a member in good standing of the bar of this court. In an earlier ruling the Court encouraged Mr. Wigler to continue assisting clients in pending cases to the extent permissible and advised him to create a confidentiality screen shielding Respondent from involvement in Eastern District of Tennessee cases. Accordingly, the

3

Court does not understand this assertion.

For the above reasons, the Court **DENIES** Respondent's motion (Court File No. 84).

**SO ORDERED.**

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

4