UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

|  |  |  |
|---|---|---|
| In re: | ) ) ) ) | Case No. 1:08-MC-9 |
| HERBERT S. MONCIER, ESQ. | ) |  |
| BPR No. 1910 | ) ) ) | Chief Judge Curtis L. Collier |

**MEMORANDUM & ORDER**

On September 24, 2009, Ralph Harwell, counsel for Respondent Herbert S. Moncier, filed his "Notice of Counsel and Request for Ruling" (Court File No. 50) in *Fowler v. Burns*, Case No. 2:08-cv-021. In this filing Mr. Harwell relates how he came to be counsel for plaintiffs in *Fowler v. Burns* after Respondent was suspended from practice in this district. Mr. Harwell represents his entrance in the case was completely unrelated to his representation of Respondent and that no communications have taken place between himself and Respondent in connection with the case. He also disclosed that he hired David Wigler, an attorney at Respondent's firm, to consult with him on a contract basis in the case. Mr. Harwell sought from the presiding judge in *Fowler v. Burns* an advisory opinion "as to whether future representation of the plaintiffs in [*Fowler v. Burns*] is, on the facts as presented herein, in contravention of any order of this Court or is otherwise prohibited."

Since what Mr. Harwell was seeking was an advisory opinion as to the Order of Suspension entered as to Respondent on April 29, 2008 (Court File No. 69), the presiding judge in *Fowler v. Burns* did not deem it appropriate for him to entertain the "Notice of Counsel and Request for Ruling." Rather, on October 6, 2009, the presiding judge in *Fowler v. Burns* entered an order (2:08-cv-021, Court File No. 51) referring the filing to this Court since it had entered the Order of

Suspension.

The Order of Suspension prohibited Respondent from acting as a member of the bar of this court. It did not operate as to any other attorney. However, since it is an order of this court, others, including attorneys, who act in concert with Respondent to circumvent the Order of Suspension would be subject to criminal prosecution and/or disciplinary action by the court. As the Court has indicated previously, Mr. Harwell may not do anything as counsel for Respondent that Respondent could not do directly (*see* Court File No. 96). The Court has cited cases where attorneys acting in such fashion were prosecuted or disciplined. *See, e.g., In re Mitchell*, 901 F.2d 1179, 1188 (3d Cir. 1990) (condemning the conduct of an attorney in good standing who aided a suspended attorney in violating a court order).

It is understandable that Mr. Harwell harbors some concerns because it does appear suspicious that while representing Respondent he would enter a case as counsel of record in a case where Respondent was previously lead counsel. It raises even more suspicions that Mr. Harwell would employ an associate of Respondent to work on the civil case with him. And it is peculiar that Mr. Harwell would seek a ruling as to the propriety of his actions from the presiding judge rather than from the court that entered the Order of Suspension.

However, on the facts submitted by Mr. Harwell, the Court is not able to render a decision. The request does not include affidavits from Mr. Harwell, Respondent, Mr. Wigler, John Rogers, the plaintiffs or from any other individuals with pertinent knowledge that would allow the Court to ascertain the facts. Nor does the submission state that Mr. Harwell has had no communications with Respondent whether directly or indirectly regarding the *Fowler v. Burns* case, that Respondent has had no involvement whatsoever whether directly or indirectly in the case since his suspension, or

whether Mr. Wigler has had any communication with Respondent regarding this case (*see* Court File No. 81).

Accordingly, the Court **DENIES** the "Notice of Counsel and Request for Ruling" without prejudice, with leave for Mr. Harwell to refile the motion with affidavits that would allow the Court to reach a decision. Any such motion shall be filed in this case and in *Fowler v. Burns* and counsel for defendants in *Fowler v. Burns* shall be served with a copy of the motion.

The Court **ORDERS** that this order be filed both in this case and in *Fowler v. Burns*, Case No. 2:08-cv-021.

**SO ORDERED.**

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**