UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

IN RE: **HERBERT S. MONCIER**
BPR No. 1910                                    No.: 1:08-MC-9-TAV-SKL

## ORDER

The Court previously construed Herbert S. Moncier's May 1, 2015 application for admission to the bar of this Court as one for reinstatement [Doc. 129]. Mr. Moncier has challenged the Court's construction and its interpretation of former Chief Judge Curtis Collier's order of suspension and the local rules of this Court by filing a Petition for Declaratory Judgment [Doc. 131]. In the petition, Mr. Moncier requests that the Court address various questions and make certain declarations. The only question the Court will entertain is the manner in which Mr. Moncier may seek permission to again practice in the Eastern District of Tennessee. The Court declines to issue an opinion on any other matter raised in the petition.

In suspending Mr. Moncier for a period of seven years, former Chief Judge Collier outlined the procedures Mr. Moncier could follow to again practice in this Court [Doc. 69 pp. 77–79]. "At the expiration of three years of the suspension, and at each one-year anniversary thereafter, up until five years," Judge Collier instructed that Mr. Moncier could "apply to the Chief Judge for **EARLY REINSTATEMENT**" and that the application had to include:

(a) Evidence by clear and convincing proof that [Mr. Moncier] has taken significant and meaningful steps to bring his practice and behavior in court up to the standards of ethics, civility, professionalism, and respect for the institutional role of the court that complies with the expectations and standards of members of the bar of the Eastern District of Tennessee;

(b) Copies of letters of apology addressed to all judicial officers of this district (district, bankruptcy, and magistrate) wherein [Mr. Moncier] admits his wrongful, unethical, and unprofessional conduct, makes an apology for the conduct, and makes a commitment he will not engage in such wrongful, unethical, and unprofessional conduct in the future. The sincerity of [Mr. Moncier] as expressed in these letters will have a bearing on whether the court determines [Mr. Moncier] has attained the fitness necessary for him to be reinstated;

(c) A certification that he has not been accused of any other unethical or unprofessional conduct of any type and by any attorney, client, body, board, judge, or entity since the date of this order; if the first application for reinstatement is denied, then in any later application this certification shall be limited to the preceding three year period;

(d) A certification that no official body or judge or court has taken action of any type against him for any unethical or unprofessional conduct of any type since the date of this order; if the first application for reinstatement is denied, then in any later application this certification shall be limited to the preceding three year period;

(e) A commitment to the Chief Judge that he understands, appreciates, and accepts the necessity of civility and professionalism in the practice of law by all attorneys admitted to practice in this district and that he has adopted these required principles into his practice and will conduct himself at all times with civility and professionalism; and

(f) Copies of letters addressed to all signers of the declarations submitted in reference to this disciplinary action informing them that his conduct before Judge Greer was wrongful, unethical, and unprofessional, and that it is never acceptable for a member of the bar of the Eastern District of Tennessee to interrupt or talk over a judge of this bench, to threaten to abandon a client in the course of a proceeding, to make scurrilous personal attacks on opposing counsel, or to disobey an order of a judge even if the attorney believes the order is wrong. The sincerity of [Mr. Moncier] as expressed in these letters will having a bearing on whether the court

> determines [Mr. Moncier] has attained the fitness necessary for him to be reinstated.

[*Id.* at 78–79]. "At the expiration of five years," however, Mr. Moncier could "apply for admission to the bar of this court" and be placed on probationary status, with conditions of probation to be determined by the Court [*Id.* at 79]. Then, "[a]t the expiration of seven years," Mr. Moncier could "apply for admission to the bar of this court on the same basis as any other applicant" [*Id.*].

Mr. Moncier did not apply for admission to this Court until after the expiration of five years of his suspension. When Mr. Moncier applied for admission at that time, the Court found that the application had to "comport with the provisions of Local Rule 83.7(l), which addresses reinstatement of disciplined members of the bar of this Court" [Doc. 122 p. 2]. The Court went on to outline the requirements of Local Rule 83.7(l) and afforded Mr. Moncier an opportunity to supplement his application [*Id.* at 2–3]. Mr. Moncier elected not to do so [Doc. 123].

In his petition, Mr. Moncier argues that he was not put on notice that he must now comport with the requirements of the local rule governing reinstatement of disciplined members. But the Court finds this argument unconvincing. Given the Court's construction of the phrase applicable at the five-year mark of Mr. Moncier's suspension—"apply for admission to the bar of this court"— Mr. Moncier should have been on notice that the Court would likewise construe the language applicable at the expiration of the seven-year term of suspension—"apply for admission to the bar of this

3

court on the same basis as any other applicant"—as requiring Mr. Moncier to comport with the requirements of Local Rule 83.7(l).

Mr. Moncier also makes much of the fact that former Chief Judge Collier added that, at the expiration of seven years, Mr. Moncier could apply "on the same basis as any other applicant." But this statement came after two other provisions modifying the application procedures set forth in the local rules. Thus, it is consistent to read Judge Collier's language with respect to applications made at the expiration of seven years as referring to the general rules for reinstatement set forth in Local Rule 83.7(l).

In any event, Local Rule 83.7(l) should have put Mr. Moncier on notice that he would have to apply for reinstatement after his term of suspension. Local Rule 83.7(l) provides in relevant part:

> Reinstatement shall be had only upon a petition by the disciplined member. A former member who has been suspended or disbarred from the practice of law by this Court because of suspension or disbarment in another court of record may, upon reinstatement to the other court, file a petition for reinstatement to this Court. Each petitioner shall pay an application fee to the Clerk which is not refundable. The petition shall be filed with the Clerk and shall contain a concise statement of the circumstances of the disciplinary proceedings, the discipline imposed, and the grounds that justify reinstatement. The petition shall be signed by the petitioner under penalty of perjury stating that he or she has read the petition and that the factual allegations contained therein are correct to the best of the petitioner's knowledge. The petitioner has the burden of proving by clear and convincing evidence that he or she has the requisite good moral character, ethical standards, professional competence, and learning in the law necessary to serve as an officer of the Court and to be readmitted to the practice of law.

E.D. Tenn. L.R. 83.7(l). Mr. Moncier argues that this rule applies only to those suspended or disbarred "because of suspension or disbarment in another court of record."

4

But this reading construes the rule too narrowly. Nothing in the rule so limits who may apply for reinstatement, and the provision is found within the broader rule governing attorney discipline in this Court. The Court finds that it applies to any attorney disciplined by this Court.

Finally, construing Mr. Moncier's application as one for reinstatement is consistent with the discipline imposed upon him. Mr. Moncier was suspended. "[A] suspended attorney 'still holds his office as an attorney and is subject to the jurisdiction of the court. His former suspension operates simply to deprive him temporarily of the right to practice his profession' in this court" [Doc. 80 (citing *In re Mitchell*, 901 F.2d 1179, 1183 n.5 (3d Cir. 1990)].

Accordingly, the Court adheres to its order of July 30, 2015, and **DENIES** the relief sought in Mr. Moncier's petition [Doc. 131]. To the extent Mr. Moncier desires to be reinstated to practice before this Court, he must file the information set forth in Local Rule 83.7(l).

IT IS SO ORDERED.

s/ Thomas A. Varlan  
CHIEF UNITED STATES DISTRICT JUDGE