UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | ) | |
|---|---|---|
| IN RE: HERBERT S. MONCIER | ) | Case No. 1:08-MC-009 |
| BPR No. 1910 | ) | |
| | ) | Chief District Judge |
| | ) | Travis R. McDonough |

## MEMORANDUM

On April 29, 2008, the United States District Court for the Eastern District of Tennessee suspended attorney Herbert S. Moncier from the practice of law in this district for a period of seven years. (Doc. 69). The order of suspension provided that Mr. Moncier could apply for reinstatement, pursuant to Local Rule 83.7(l), at the conclusion of the seven-year period. *Id.* To this day, however, Mr. Moncier has not submitted a petition for reinstatement pursuant to Local Rule 83.7(l). Accordingly, Mr. Moncier currently remains suspended in this district.

On July 30, 2008, the Court responded to Mr. Moncier's request for more specificity as to the limitations imposed on his practice by the Court's suspension, specifically stating that Mr. Moncier "may not have any contact with federal court in this district, its staff, or any litigant … involved in any proceeding before a court in this district ... regarding any matter or potential matter, or case or potential case in federal court in the Eastern District of Tennessee, either directly or indirectly, either individually or in concert with one or more admitted attorneys." (Doc. 80, at 13).

Despite Mr. Moncier's current suspended status and the prohibitions on practice specifically outlined by the Court's July 30, 2008 Memorandum, Mr. Moncier provided legal assistance to *pro se* plaintiffs Edgar and Linda Muse ("Plaintiffs") in preparing and filing their

*Motion to Re-Institute Stay Pending State Action. Tennessee, et al., v. Gibbons, et al.*, No. 3:17-cv-448, Doc. 99, 1 n. 1 (Tenn. E.D. June 29, 2020). The Court entered an order in that case admonishing Plaintiffs that the Court would impose sanctions if they continued to consult with Mr. Moncier. *Id.* at Doc. 103. Furthermore, on behalf of the Court, former Chief Judge Pamela Reeves sent a letter to Mr. Moncier warning him that the Court would pursue additional discipline and/or a finding of contempt should he continue to engage in further unauthorized practice of law in this district. (Ex. 1).

Mr. Moncier submitted a response to the Court, wherein he states that he "believed [he] was permitted to provide legal services in the background pursuant to [his] Tennessee law license to assist *pro se* Plaintiffs, Edgar Muse, Linda Muse and Candi Muse in drafting, and physically filing, their *pro se* report to the Court regarding their pending state court proceedings…." (Ex. 2, at 1). Mr. Moncier argues that he read Judge Collier's July 30, 2008 Memorandum (Doc. 80) as imposing restrictions during his seven-year suspension, but not as continuing to impose those restrictions after the seven-year period had elapsed. *Id.*

In its July 30, 2008, Memorandum, the Court specifically held that:

> [i]n determining the scope of suspension, the Court will follow the precedent of *In re Mitchell* [901 F.2d 1179 (4th Cir. 2002)] with one exception. The court in *In re Mitchell* granted permission for a suspended attorney to function as a law clerk or paralegal. The judges of this court have decided to part company with *In re Mitchell* in this one respect. In considering "the procedures and determinations for those attorneys who fail to adhere to the standards of [the] district court" (Court File No. 69, p. 1), this district court has decided to follow those jurisdictions, including Tennessee, that strictly prohibit a suspended attorney from functioning as a law clerk, paralegal, legal assistant, or similar position.

(Doc. 80, at 8-9). The Court's prior order leaves no room for debate – Mr. Moncier may not "provide legal services in the background." (Ex. 2, at 1). As to whether those restrictions

continue after the suspension has elapsed, *In re Mitchell* held that when an attorney is suspended for an amount of time that does not allow for an automatic reinstatement at the end of the suspension, any restrictions on the conduct of the suspended attorney remain in effect until the attorney is explicitly reinstated by order of the court. 901 F.2d at 1181.

Mr. Moncier's suspension period did not allow for automatic reinstatement, and Mr. Moncier has not been explicitly reinstated by order of the Court. Accordingly, pursuant to *In re Mitchell*, the restrictions placed upon Mr. Moncier's practice by his suspension, which were specifically detailed by the Court's July 30, 2008 Memorandum, continue until he is explicitly reinstated by this Court.

Despite the Court's prior orders, Mr. Moncier resorts to arguing that two specific filings by the Court provide that he may provide legal services or render advice to clients in this district. (Ex. 2, at 1-2). First, Mr. Moncier relies on a Memorandum issued by then Chief Judge Thomas Varlan on October 8, 2015. (Doc. 133). In that memorandum, the Court stated that "because Mr. Moncier is not permitted to practice before the Court at this time, Mr. Moncier may not enjoy any of the privileges and responsibilities that come with being admitted to practice here." (Doc. 133 at 1). The Court further "decline[d] to issue an advisory opinion on whether Mr. Moncier may otherwise 'participate' in federal cases." (Doc. 133 at 2). Accordingly, the October 8, 2015 Memorandum does not support Mr. Moncier's contention.

Mr. Moncier further relies on a Memorandum filed by former District Judge Pamela Reeves in *Regan v. Knox County*, 3:15-cv-536, Doc. 30 (E.D. Tenn. Apr. 27, 2016). In that matter, the defendants were "concerned with the ethical propriety of Mr. Moncier … participating in the case by, among other things, emailing defense counsel to schedule Rule 26(f) conferences and Rule 26(a) disclosures, and otherwise working on the case." *Id.* at 1. However, the defendants stated they had "no objection to Mr. Moncier's support for [the plaintiff] in [the]

3

federal court proceedings]…." *Id.* at 1. The Court then concluded that "[b]ecause former Chief Judge Collier's more strict restrictions have been lifted and all participation in cases [has] not been ruled out by Chief Judge Varlan, the Court concludes that Mr. Moncier's behind-the-scenes work on this case is unobjectionable." *Id.* at 2.

In *Regan,* Judge Reeves was not acting as Chief Judge on behalf of the entire Court. *See* E.D. Tenn. L.R. 83.7 (disciplinary issues are referred to the Chief Judge for determination). The determination in *Regan* applies specifically to *Regan* and not to any other matter before this Court. For all other matters, the Court specifically determined in its July 30, 2008 Memorandum that the Court would follow *In re Mitchell* with the exception that attorneys *may not* function as a law clerk or paralegal. Thus, the precedent of *In re Mitchell* applies: when an attorney is suspended for an amount of time that does not allow for an automatic reinstatement at the end of the suspension, any restrictions on the conduct of the suspended attorney remain in effect until the attorney is explicitly reinstated by order of the court.

Accordingly, the Court hereby provides this Memorandum to clarify that the restrictions imposed in the July 30, 2008 Memorandum shall continue until Mr. Moncier is explicitly reinstated by the Court. Specifically, Mr. Moncier "[m]ay not provide legal services, advice, counseling, or the like to any client regarding a matter or potential matter, or case or potential case [in this district] either directly or indirectly, either individually or in concert with one or more admitted attorneys" until such time as Mr. Moncier may be explicitly reinstated by this Court. (Doc. 80 at 14).

**ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**CHIEF UNITED STATES DISTRICT JUDGE**

4